# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRYAN MICHAEL FERGUSON, A.K.A.,
BRYAN MICHAEL FERGASON

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-00179-GMN-VCF

**ORDER**

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 10).

**I. Procedural History**

In the Eighth District Court for the State of Nevada, petitioner was convicted, pursuant to a jury trial, of the following crimes: two counts of burglary, one count of grand larceny, and one count of possession of burglary tools. (Exhibit 40).[1] At the sentencing hearing on May 5, 2008, the state district court declined to sentence petitioner under the habitual criminal statute. (Exhibit 43, at p. 10). Petitioner was sentenced as follows: On Count I, burglary, 36-120 months imprisonment; on Count II, grand larceny, 36-120 months imprisonment, running concurrently with Count I; on Count IV, burglary, 36-120 months, running consecutively to Counts I and II; and on Count V, possession of burglary tools, 12 months in the Clark County Detention Center. (Exhibit 43, at pp. 10-11). The judgment of conviction was filed on May 29, 2008. (Exhibit 45).[2]

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11-14 and 16-18.

[2] The original judgment of conviction indicated that petitioner was entitled to 519 days of credit for time served. (Exhibit 45). On August 4, 2008, an amended judgment of conviction was filed to reflect zero days of credit for time served. (Exhibit 48). A second amended judgment of conviction was filed on March 30, 2010, reflecting seven days of credit for time served. (Exhibit 62).

Petitioner appealed his convictions. (Exhibit 44). On December 8, 2008, petitioner filed a fast track statement. (Exhibit 50). The State filed its response to the fast track statement on February 23, 2009. (Exhibit 51). On July 7, 2009, the Nevada Supreme Court filed an order affirming petitioner's convictions. (Exhibit 52). Remittitur issued on August 4, 2009. (Exhibit 53).

On August 4, 2010, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 68). An evidentiary hearing was held on March 9, 2012. (Exhibit 79). Petitioner filed a supplemental brief on April 20, 2012. (Exhibit 80). On October 30, 2012, the state district court entered an order denying petitioner's post-conviction habeas petition. (Exhibit 84). Petitioner appealed the order denying his post-conviction habeas petition. (Exhibit 86). Petitioner's opening brief was filed on July 30, 2013. (Exhibit 91). The State filed its answering brief on August 29, 2013. (Exhibit 92). On January 16, 2014, the Nevada Supreme Court entered an order affirming the denial of petitioner's post-conviction habeas petition. (Exhibit 94). Remittitur issued on February 28, 2014. (Exhibit 95).

On January 28, 2014, petitioner dispatched his federal habeas petition to this Court. (ECF No. 6, at p. 1). Ground 1 of the petition alleges that petitioner's Sixth Amendment Confrontation Clause rights were violated pursuant to *Bruton v. U.S.*, 391 U.S. 123 (1968), when the trial court admitted a recording of a telephone call that his co-defendant made from jail. Ground 2 of the petition alleges ineffective assistance of trial counsel. Ground 3 alleges that petitioner's appellate counsel failed to challenge the sufficiency of the evidence supporting his convictions on direct appeal. Respondents have filed a motion to dismiss the petition, arguing that Ground 3 is unexhausted. (ECF No. 10). Petitioner has opposed the motion. (ECF No. 19). The Court has considered all documents filed in this action and now rules on the motion to dismiss.

**II. Ground 3 of the Federal Petition is Unexhausted**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state

courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Moreover, to exhaust a claim, a petitioner must have presented his federal constitutional issue before the highest available state court "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). The state's highest court is "not required to comb the trial court's decision to discover [a] federal constitutional issue . . . " nor is it "required to review the parties' trial court pleadings to see if it [can] discover for itself a federal constitutional issue." *Id*. (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)) (declining to require state appellate judges to read lower court state opinions).

In Ground 3, petitioner alleges ineffective assistance of his appellate counsel because counsel failed to challenge the sufficiency of the evidence supporting his convictions on direct appeal. (ECF No. 6, at pp. 35-36). Respondents argue that petitioner's claim of ineffective assistance of appellate counsel was never presented to the Nevada Supreme Court and is therefore unexhausted. While petitioner's post-conviction habeas petition filed in the state district court contained a claim that appellate counsel failed to raise a sufficiency of the evidence claim on direct appeal, petitioner did not raise that claim in his opening brief to the Nevada Supreme Court. (Exhibits 68 & 91; Exhibit 94, at p. 1, n.1). Only those issues within the four corners of the opening brief were properly presented to the Nevada Supreme Court for exhaustion purposes. *See Castillo v. McFadden*, 399 F.3d at 1000. Because the claim was not fairly presented to the Nevada Supreme Court, Ground 3 of the federal habeas petition is unexhausted. The remaining grounds of the federal petition are exhausted.

In his opposition, petitioner argues that his post-conviction counsel's failure to appeal the

denial of his ineffective assistance of appellate counsel claim is "cause" to excuse the exhaustion requirement under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  (ECF No. 19, at p. 2).  The United States Supreme Court in *Martinez* held that the absence or ineffective assistance of counsel in "initial-review state collateral proceedings" can, in certain circumstances, constitute cause for procedural default of a claim of ineffective assistance of trial counsel.  *Martinez*, 132 S.Ct. at 1320.  The *Martinez* decision has no application to this case because Ground 3 of the federal petition was not procedurally defaulted, but rather, is unexhausted.  Moreover, there is no freestanding claim based on *Martinez*, because the United States Supreme Court expressly eschewed making a holding that a freestanding right to counsel existed in state post-conviction proceedings.  *Martinez*, 132 S.Ct. at 1319.  The Court rejects petitioner's argument that his post-conviction counsel's ineffectiveness excuses the failure to exhaust Ground 3.

**III.  Petitioner's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition contains both exhausted and unexhausted claims.  *Id.* In the instant case, the Court finds that petitioner failed to exhaust Ground 3 of petition, but did exhaust the remaining grounds of the petition.  Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claim.

*See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).  Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as

those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED**, to the extent that Ground 3 of the federal petition is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**DATED** this 25th day of August, 2015.

Gloria M. Navarro, Chief Judge
United States District Court